**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES F. GRESHAM,

      Plaintiff-Appellant,

v.

MARVIN T. RUNYON, Postmaster
General, United States Postal Service,

      Defendant-Appellee.

No. 98-6029
(D.C. No. 96-CV-333)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BARRETT** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Charles F. Gresham filed suit alleging the United States Postal Service violated the Rehabilitation Act, 29 U.S.C. §§ 791, 794, when it declined to reinstate him to his former employment with the Postal Service because of his disability, epilepsy. Following a jury trial, the jury returned a verdict in favor of defendant. Plaintiff appeals the district court's rulings during trial and its order denying his post-trial motion for judgment as a matter of law and motion for a new trial. We affirm.

Plaintiff worked for the Postal Service until 1986 when he was discharged for on-the-job incidents he alleges were caused by his epilepsy. He was subsequently granted medical retirement from the Postal Service. Following a new drug therapy, plaintiff's condition improved and he applied to be rehired by the Postal Service in 1993. The Postal Service reviewed his work history and other documents, but not his medical records, and declined to offer him a position. Plaintiff maintains that he was entitled to an individualized consideration of his application because his past job problems were caused by his disability. He claims the Postal Service's failure to accommodate him in the hiring process violated the Rehabilitation Act.

Plaintiff first challenges a sentence in jury instruction sixteen informing the jury that the Postal Service was not required to consider his application further if it had genuine concerns that plaintiff's past problems would recur. He argues that

the instruction erroneously permitted the jury to find that the Postal Service was not required to consider his improved medical condition. "We review a district court's decision on whether to give a specific jury instruction for abuse of discretion, but we review the instructions themselves de novo to determine whether as a whole they state the governing law and provide the jury with a proper understanding of the issues." Gunnell v. Utah Valley State College, 152 F.3d 1253, 1259 (10th Cir. 1998). Here, the instructions properly guided the jury in its deliberations. The jury was free to conclude that the Postal Service believed plaintiff's problems would recur for reasons not related to his disability or that he was not qualified for the position he sought, thereby relieving the Postal Service from an obligation to evaluate his application further. Cf. 29 U.S.C. §§ 791, 794 (prohibiting disability discrimination against person otherwise qualified for job). Therefore, the district court did not abuse its discretion in giving the challenged instruction.

Plaintiff claims he was entitled to a judgment as a matter of law or a new trial pursuant to Fed. R. Civ. P. 50 and 59. We review de novo an order denying a party's request for a judgment as a matter of law, and will "upset the jury's conclusion only if the evidence points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." Webb v. ABF Freight Sys., Inc., 155 F.3d 1230, 1238 (10th Cir. 1998) (quotation omitted). An order

denying a motion for a new trial is reviewed for an abuse of discretion and will be reversed "only if [the district court] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id. at 1246 (quotation omitted).

Plaintiff argues that the Postal Service violated the Rehabilitation Act when it failed to examine whether his past unfavorable work record was caused by his disability and failed to evaluate his present medical condition. The jury heard evidence and received instructions on plaintiff's theory of his case. It was not required to find in plaintiff's favor. Rather, the jury was charged with evaluating the evidence and making the ultimate conclusions of fact. As stated above, the jury was free to find that plaintiff was not qualified for the position or that the Postal Service's hiring decision was not related to his disability. "[O]n appeal we view the evidence in the light most favorable to the jury's verdict and defer to its determinations on all issues of credibility of the witnesses, the inferences it may draw from the facts established, its resolution of conflicts in the evidence, and its ultimate conclusions of fact." Lampkin v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of Am. (UAW), 154 F.3d 1136, 1142 (10th Cir. 1998). Under this standard, we affirm the district court's order denying plaintiff's motion for a judgment as a matter of law or a new trial.

Plaintiff next claims the district court erred in prohibiting him from eliciting the opinion testimony of his friend and former coworker that the Postal Service's stated reasons for not rehiring him were pretextual. We find no abuse of discretion in that ruling. See Wright-Simmons v. City of Oklahoma City, 155 F.3d 1264, 1268 (10th Cir. 1998) (district court's evidentiary rulings reviewed for abuse of discretion). Finally, we decline to address plaintiff's claims that the Postal Service failed to meet its affirmative burdens because the issue was raised for the first time on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (appellate court will not consider issue on appeal that was not raised in district court).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge